

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Fred Vining v. Applied Power Tech

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3855

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Fred Vining v. Applied Power Tech" (2009). *2009 Decisions.* Paper 1652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-104                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3855

_____

FRED DOUGLAS VINING,

Appellant

v.

APPLIED POWER TECHNOLOGY;
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY;
WORKERS COMPENSATION APPEALS BOARD

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-02065)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: March 27, 2009)

_____

OPINION

_____

PER CURIAM

On March 18, 2005, this Court affirmed the District Court's grant of a motion to

dismiss Vining's original case under Federal Rule of Civil Procedure 12(b)(1) for lack of

subject matter jurisdiction. Vining, proceeding pro se, then filed on October 12, 2005, a motion to reopen the case in the District Court, stating only that the "District Court decision conflicts with decision of the Third Circuit Court of Appeals." The District court denied his motion without explanation on October 18, 2005. Nearly three years later, Vining filed a motion to proceed in forma pauperis and a motion for leave to file an amended complaint, both of which the District Court denied without explanation. Vining then filed the instant appeal on September 11, 2008, and this Court granted his IFP motion.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Vining's motions are subject to the requirements of Fed. R. Civ. P. 7(b)(1), which states that motions must "be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought." However, Vining offered the District Court nothing in support of any of his motions. The District Court had no basis on which to reopen his case, grant his IFP motion, or grant him leave to amend his complaint. Similarly, this Court finds nothing, construing his submissions as broadly as possible, that demonstrates the District Court erred in dismissing Vining's

2

motions. <u>See</u> <u>Alston v. Parker,</u> 363 F.3d 229, 234 (3d Cir. 2004)("pro se complaints in particular should be construed liberally.").

As a result, we determine that Vining's appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).